## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTWAN ANEER,

      Plaintiff,

                            Case No:

v.

                            Hon.

GREENFIELD AND 9 MILE MEDICAL
CENTER PLLC d/b/a AMERICAN
MEDICAL CENTERS, LTD, a Michigan
Professional limited liability company and
NAIM-UL HASSAN, an individual,

      Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Antwan Aneer (hereinafter "Aneer"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendants, Greenfield and 9 Mile Medical Center, PLLC d/b/a American Medical Centers and Naim-Ul Hassan states as follows:

1.     Plaintiff, Antwan Aneer is a resident of the City of Sterling Heights, County of Macomb and State of Michigan.

2.     Defendant, Greenfield and 9 Mile Medical Center, PLLC d/b/a American Medical Centers (hereinafter "AMC") is a Michigan limited liability company, whose resident agent is Naim-Ul Hassan and whose principal place of business is 20905 Greenfield Road, Suite 607, Southfield, Michigan, 48075 and who is duly authorized to do business and operate within the Southeastern District of Michigan.

3.     Upon information and belief, Defendant, Naim-Ul Hassan (hereinafter "Hassan") is a resident of the County of Oakland and State of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful sex discrimination/harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, _et seq_. which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.      Plaintiff, Antwan Aneer began his employment with Defendant on or about October 11, 2018 as a receptionist.

9.      During his employment with Defendant, AMC he began to witness Defendant, Hassan make sexual advances to a co-worker, Brittany Beverly.

10.     Ms. Beverly complained to Plaintiff regularly that Defendant, Hassan was sexually harassing her and she could not get him to stop.

11.     Throughout the time Plaintiff worked at AMC he watched as Defendant, Hassan would make sexually suggestive comments to Ms. Beverly, attempt to kiss Ms. Beverly, try to get her drunk in what appeared to be an effort by him to get her too drunk to resist him.

12.     On at least one occasion, Defendant Hassan followed Plaintiff, Ms. Beverly and a group of their friends to a nightclub where Plaintiff witnessed Hassan trying to kiss Ms., Beverly.

13.     During this time Ms. Beverly continued to tell Plaintiff how she was upset by his advances, that she was not attracted to him at all and how she wished it would stop.

14.     On or about November 2, 2018 Defendant, Hassan took Plaintiff, Ms. Beverly and two friends including a co-worker, on an all-expenses paid trip to Florida.

15.     Plaintiff and Ms., Beverly were told by Defendant, Hassan that the

trip was required as part of their employment with AMC.

16.     Upon arriving in Florida, it was apparent to Plaintiff that Defendant, Hassan expected to have sex with Ms. Beverly and her female friends.

17.     When they arrived at the hotel, they learned Defendant, Hassan had reserved a two-bedroom suite and he expected Ms. Beverly to sleep in his room.

18.     Upon information and belief Ms. Beverly refused to sleep in Defendant, Hassan's room and refused to have sex with him.

19.     Despite Ms. Beverly's continued rejections, Defendant, Hassan continued to pursue her and Plaintiff observed Hassan trying to kiss her on multiple occasions.

20.     When it became apparent Ms. Beverly would not have sex with him, Defendant, Hassan attempted to enlist the help of Plaintiff to encourage the women, including Ms. Beverly, to have sex with Defendant, Hassan.

21.     Plaintiff told Defendant, Hassan he was uncomfortable with that and that he did not think any of the women were interested in Hassan.

22.     Plaintiff also told Defendant, Hassan he should stop trying to have sex with Ms. Beverly and her friend.

23.     Defendant, Hassan was frustrated with Plaintiff for his telling him he should stop sexually harassing Ms. Beverly and for refusing to act as a "pimp" for Hassan.

24.     From November 2, 2018 until they left on November 4, 2018 Plaintiff observed as Defendant Hassan tried to get all of the women drunk by continuously ordering them drinks and forcing them to drink with him in an effort to get them, including Ms. Beverly, to have sex with him.

25.     When they returned from Florida Plaintiff observed as Defendant Hassan continued to sexually harass Ms. Beverly until November 20, 2018 when he overheard Ms. Beverly and a co-worker discussing a date Ms. Beverly went on and he began to act jealous as though he and Ms. Beverly were involved when Ms. Beverly had been clear that she was not interested in him.

26.     Throughout the rest of the week Hassan treated Plaintiff horribly because Ms. Beverly had gone out on a date.

27.     On Sunday November 24, 2018 Hassan texted Ms. Beverly and Plaintiff telling them to take the week off.

28.     Ms. Beverly and Plaintiff immediately got Defendant Hassan on a three-way phone call to find out the status of their employment with AMC.

29.     Defendant Hassan, told them he did not know if they had jobs anymore and to take the week off, sending Ms. Beverly and Aneer a strong signal they were being terminated for Plaintiff's refusal to get Ms. Beverly or any of her friends to have sex with Hassan and for Plaintiff telling Defendant Hassan to stop sexually harassing Plaintiff and her female friends and that he did not think Ms.

Beverly was interested in him sexually.

30.     Upon information and belief, Defendant Hassan is one of the owners of Defendant, AMC and is upper management of Defendant, AMC.

31.     As a result of Hassan's continued pursuit of Ms. Beverly, Plaintiff who witnessed virtually everything was subjected to a hostile work environment on the basis of sex which interfered with his ability to work.

32.     During the time period in question, Defendant, AMC was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, _et seq._ ("ELCRA").  Moreover, Defendant, AMC is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

33.     At all times relevant, Plaintiff was acting as an employee of Defendant, AMC.

34.     At all times relevant, Defendant, Hassan was acting as Plaintiff's supervisor and upper management of Defendant, AMC.

35.     Plaintiff engaged in a protected activity under Title VII and the ELCRA when he complained to Defendant Hassan that Ms. Beverly and her friends were not interested in having sex with Hassan and that Hassan should stop sexually harassing Ms. Beverly.

6

36.     Defendant, AMC through their agents, representatives and employees, including Defendant, Hassan were predisposed to sexually harass and discriminate against Plaintiff on the basis of sex as he was forced to witness Defendant, Hassan make numerous sexual advances toward Ms. Beverly and her friends and acted in accordance with that predisposition.

37.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

38.     On March 21, 2019 the EEOC issued a Right to Sue letter against AMC.

## COUNT I
## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

39.     Plaintiff incorporates by reference paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40.     Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment, conduct and harassment from their employer and/or supervisors, including Hassan based upon sex.

41.     Plaintiff while in the course of his employment with Defendant AMC was forced to watch and observe Defendant, Hassan's conduct while acting as upper management with Defendant, AMC in continuously attempting to kiss Ms. Beverly and have a sexual relationship with her made it apparent that Ms. Beverly

having sex with Hassan was a term and condition of her employment with Defendant, AMC.

42.    Defendants created a hostile work environment for Plaintiff as a result of conduct based on sex and Plaintiff's complaints of sexual harassment on behalf of Ms. Beverly.

43.    Plaintiff was subjected to a hostile work environment based on sex that substantially interred with his ability to do his job.

44.    Defendant AMC is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

45.    Defendant, Hassan is a supervisor pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. and personally liable for violations of the statute.

46.    Plaintiff has been subjected to an offensive and hostile work environment due to repeated and continuous harassment and discriminatory conduct based on sex by Defendant its employees and agents to the point where his status as an employee has been detrimentally affected.

47.    Plaintiff was subjected to a hostile working environment on the basis of sex when as part of his job duties at AMC he was expected to solicit Ms. Beverly and her friends to have sex with Defendant, Hassan.

48.    The offensive and hostile work environment caused by Defendants

substantially interfered with Plaintiff's ability to do his job.

49.     Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

50.     Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a.   Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b.   Retaliating against employees who make complaints of discrimination and harassment; and

   c.   Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful.

51.     Defendant, AMC owed Plaintiff as its employee, a duty to adequately advise their employees to refrain from discriminating against employees.

52.     Defendant, AMC, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a.   Failing to prevent or stop sexual harassment in the workplace causing a hostile work environment for Plaintiff;

   b.   Taking adverse employment action against Plaintiff due to sex; and

   c.   Retaliating against Plaintiff for his complaints that Ms. Beverly was being sexually harassed.

53.     As a direct and proximate result of the actions of Defendant, AMC, Plaintiff was the subject of discriminatory conduct on the part of Defendant, AMC.

54.     Because of the unlawful conduct of Defendant, AMC, and its agents and employees, including Defendant, Hassan and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

55.     Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56.     Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to report witnessing sexual harassment and/or discriminatory conduct of a co-worker based on sex and

report the sexual harassment to his employer and/or supervisors.

57.     Plaintiff witnessed and observed Ms. Beverly being sexually harassed by Defendant, Hassan based on sex.

58.     Plaintiff complained to Defendant, Hassan as upper management of Defendant AMC of the sexual harassment.

59.     Plaintiff was engaging in a protected activity by reporting Hassan's sexual harassment of Ms. Beverly.

60.     Plaintiff engaging in a protected activity and reporting witnessing sex harassment was a factor in Defendants' employment decisions.

61.     Defendant AMC was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

62.     Plaintiff complained to upper management of Defendant, AMC that Ms. Beverly was being discriminated against due to her sex and that she was being subjected to a hostile work environment.

63.     Defendant AMC had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Ms. Beverly and that Plaintiff was engaging in a protected activity by reporting the harassment and discrimination.

64.     Despite having notice of the sexual harassment and discrimination and conduct toward Plaintiff, Defendant AMC failed to take any remedial action, but

instead took adverse employment action against Plaintiff in retaliation for his complaints of reporting sexual harassment.

65.    The sexual harassment and gender discrimination and conduct by Defendants and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

66.    As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish,  fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
sbatey@bateylaw.com

Dated:  June 17, 2019

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Antwan Aneer, by and through his attorney's, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    sbatey@bateylaw.com

Dated:  June 17, 2019